WRIGHT, J.
delivered the opinion of the court. Although a failing debtor may prefer one creditor to another, and pay in goods or money, and although he may in some cases pledge or mortgage personal property as security, and possibly retain the possession, if all is open and fair, and in good faith, yet this transaction will hardly stand that test.
These goods were not in the possession of the debtor when the assignment was executed. They were then in the hands of an auctioneer. No possession was intended to be given until the plaintiffs were damnified, and there is nothing in the case which shows them to have been damnified at all, or to have had any right to the possession of the goods either when the suit was brought, or now. The assignment itself is in singular terms, and suspicious. It embraces all the goods the debtors had in Cincinnati, Louisville, or anywhere else, what they had, and what they might thereafter acendre. If this assignment is to be held valid, it would open a convenient way *194 of throwing a shield over goods that the debtor trades in and obtains credit upon, to protect them in case of need from the legal process, and secure them to the debtor himself, or to the preferred creditors. Can it be supposed that an assignee of personal property, which passes by delivery, where the assignor is left in possession under circumstances like those attending this transaction, acquires a property that can be followed into the hands of a bona fide purchaser? If the assignment invested him with property, he may follow every article, and the purchaser of a paper of pins, or 192] a pair *of stockings, of the assignor, would be liable to respond to the assignee. Such a state of things would work injustice, and be obviously fraudulent. It was evidently the object of this assignment to place this property out of the reach of legal process, and protect it against the general creditors of the assignor. Such an object is unlawful, and fraudulent, and vitiates the assignment. But were this not the case, I do not see how the plaintiff’s right could be sustained, who never had possession, but only a contract of Stinson & Co. to deliver at a future day, upon the happening of a contingency, which is not shown to have happened. The notice to the auctioneer can have little efficacy. It does not appear that the defendant, who, as a judgment creditor was pursuing his claim by legal process, ever knew of the claim of the plaintiff. Upon the whole, we think this assignment cannot be sustained, and that the case is with the defendant.
Judgment for the defendant.